ANNIE R. WHITTEMORE *vs.* EDMUND LUFTIG.

Suffolk.   May 8, 1946. — September 16, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Pawnbroker.   Pledge.   Conversion.*

After a pawn of jewelry by a pawner with the consent of its owner, the pawnbroker, upon receiving the pawn ticket and the amount for which the jewelry had been pawned from a dealer to whom the pawner had delivered the ticket in a transaction of which the pawnbroker had no knowledge, properly delivered the jewelry to the dealer and was not liable to its owner for conversion even though the pawner's transaction with the dealer was unauthorized by the owner and the dealer later sold the jewelry to a third person.

TORT.   Writ in the Superior Court dated June 19, 1942.

A verdict for the defendant was ordered by *Hammond, J.,* who reported the case.

*S. R. Wrightington,* for the plaintiff.

*D. Lasker & R. V. Mann,* for the defendant, submitted a brief.

LUMMUS, J.   In this action for the conversion of five articles of jewelry, it appears that the plaintiff permitted one Forsyth, in January and February, 1941, to pledge her jewelry with the defendant, a licensed pawnbroker, for a loan of $2,200.   The defendant was told that the jewelry belonged to the plaintiff.   But the loan was made to Forsyth and the pawn ticket was issued to him as pawner, and the plaintiff does not contend that this was not done with her consent.

On April 11, 1941, Forsyth took the pawn ticket to a dealer in jewelry, not a licensed pawnbroker, and arranged

with the dealer to redeem the jewelry from the defendant and then to make him a further loan of $185. The dealer found the defendant at a bank, where the defendant apparently kept the jewelry, and delivered to the defendant the pawn ticket and the amount of the debt. The defendant then turned over the jewelry to the dealer.

On the same day the dealer paid Forsyth $185 as arranged. Later in the year 1941, for some reason that does not appear, the dealer sold the jewelry to third persons.

The judge directed a verdict for the defendant on the foregoing facts, and reported the case.

What in common speech is called the pawn ticket is the "memorandum or note" of the transaction which, by G. L. (Ter. Ed.) c. 140, § 80, a pawnbroker is required to "deliver to the person who pawns any article." It is the pawner, and not the owner, who must be given the pawn ticket. Forsyth, though not the owner of the jewelry, was the pawner with the consent of the owner, and properly received the pawn ticket bearing his own name as pawner. §§ 79, 80. *Singer Manuf. Co.* v. *Clark,* 5 Ex. D. 37, 43, 44. As pawner he had a right to redeem the goods pawned by paying the debt and receiving the goods from the defendant. *Singer Manuf. Co.* v. *Clark,* 5 Ex. D. 37, 44. The dealer was Forsyth's agent to redeem the goods. The defendant had no right to refuse payment or withhold the goods. The plaintiff as owner had not made claim to them or intervened to affect the relationship created by the pledge. The record does not show that the defendant had knowledge that Forsyth intended a new pledge or sale to the dealer. In this respect as well as in others the case differs from *Varney* v. *Curtis,* 213 Mass. 309, restated in *Davis* v. *H. S. & M. W. Snyder, Inc.* 255 Mass. 45, 51. Even if the transaction of Forsyth with the dealer was unauthorized by the plaintiff, it could not be said that the defendant coöperated in a conversion of the jewelry by Forsyth. See *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 324. The defendant did only what he was bound to do by virtue of a relationship that had been created with the plaintiff's consent.

Other questions raised and argued have become immaterial.

*Verdict to stand.*